UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON RENTERIA, | ) | 1:07-cv-00161-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING WITHOUT PREJUDICE |
| | ) | PETITIONER'S MOTION FOR STAY OF |
| | ) | PROCEEDINGS ON PETITION FOR WRIT |
| v. | ) | OF HABEAS CORPUS |
| | ) | (Doc. 5) |
| | ) | |
| B. CURRY, Warden, | ) | ORDER FOR PETITIONER TO FILE |
| | ) | AMENDED MOTION FOR STAY WITHIN |
| Respondent. | ) | THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner originally filed his federal petition in the United States District Court for the Northern District of California, and that petition was transferred to this Court on January 29, 2007, and filed on February 1, 2007. (Docs. 1, 2). Although Petitioner had apparently filed a motion for stay in the Northern District of California, the Clerk of the Court did not docket and file Petitioner's motion until March 2, 2007. (Doc. 5).

In the instant petition, Petitioner raises eight grounds for relief: (1) unconstitutional warrantless search; (2) unconstitutional interrogation of Petitioner; (3) ineffective assistance of counsel; (4) unconstitutional limitation of cross-examination at trial by trial court; (5) Petitioner's conviction for first degree murder without proof of premeditation is unconstitutional; (6) wrongful conviction for two homicide charges resulting from one death; (7) judicial misconduct by the trial judge; and (8) wrongful admission of prior criminal acts at trial. (Doc. 2, p. 6-a). Petitioner alleges

1  under penalty of perjury that all of the foregoing claims have been raised in the California Supreme
2  Court.  (Doc. 2, p. 4).
3      In his motion for stay, Petitioner has requested a stay of proceedings to permit him to exhaust
4  additional grounds as well as to exhaust "expanded" claims already raised in the instant petition.
5  (Doc. 5, p. 1).
6      The Court's preliminary review of the petition and a search of the California court system's
7  electronic database has indicated that Petitioner was convicted on June 3, 2004, in the Kern County
8  Superior Court, and that his direct review concluded on January 4, 2006, when the California
9  Supreme Court denied his Petition for Review.  Thus, it appears that the petition is timely.

## DISCUSSION

11     Traditionally, a district court has had the discretion to stay a petition which it may validly
12  consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th
13  Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir. 1997).  However, the Ninth Circuit
14  has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted
15  habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no
16  intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.
17  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to
18  hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to
19  return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir.
20  2003); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124,
21  1126-1127 (9th Cir. 2001); Taylor, 134 F.3d 981.
22     Notwithstanding the foregoing, until recently, federal case law continued to require that the
23  Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,
24  455 U.S. 509, 102 S. CT. 1198 (1982).  However, on March 30, 2005, the United States Supreme
25  Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a

result of the interplay between AEDPA's 1-year statute of limitations[1] and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  <u>Rhines</u>, 544 U.S. at 276-277.  In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances."  544 U.S. at 277.  Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay."  <u>Id.</u>. at 277-278; <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007).  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  <u>Rhines</u>, 544 U.S. at 278.

 Here, Petitioner has alleged under penalty of perjury that all of the claims in the instant petition are exhausted; thus, the petition does not appear to be mixed.  However, Petitioner wishes to exhaust additional grounds in state court. Applying the <u>Rhines</u> standards, the Court concludes that it must, at this juncture, deny Petitioner's motion for stay without prejudice to Petitioner filing an amended motion for stay within thirty days.

 While the motion for stay was filed by the Clerk of the Court on March 2, 2007, it is clear that Petitioner included the motion in his original petition filed in the Northern District of California.  Moreover, Petitioner filed his petition within the one-year limitations period imposed by the AEDPA.  Thus, nothing in the record suggests that Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in dilatory conduct.

 However, in his motion Petitioner has not listed the grounds he intends to exhaust in state court; therefore, the Court cannot determine whether those grounds are "plainly meritless" under <u>Rhines</u>. 544 U.S. at 277-278.  Because Petitioner may have inadvertently failed to explain to the

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Court the nature of the claims he wishes to exhaust, the Court will permit Petitioner to file an amended motion for stay within thirty days in order to permit the Court to make a proper determination under <u>Rhines</u> as to whether Petitioner is entitled to a stay of proceedings.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 5), is DENIED without prejudice; and,

2. Petitioner is granted thirty (30) days from the date of service of this order within which to file an amended motion for stay of proceedings that sets forth in detail the claims he wishes to exhaust in state court;

3. If Petitioner does not file an amended motion for stay within the required thirty- day period, the Court will issue an order to Respondent to file a response to the instant petition as presently filed.

IT IS SO ORDERED.

Dated:   **January 18, 2008**                                          **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE