UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON RENTERIA, | ) | 1:07-cv-00161-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | AMENDED MOTION FOR STAY OF |
| | ) | PROCEEDINGS ON PETITION FOR WRIT |
| v. | ) | OF HABEAS CORPUS |
| | ) | (Doc. 12) |
| | ) | |
| B. CURRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner originally filed his federal petition in the United States District Court for the Northern District of California on January 9, 2007. (Doc. 1). The petition was transferred to this Court on January 29, 2007, and filed on February 1, 2007. (Doc. 2). Although Petitioner had apparently filed a motion for stay in the Northern District of California, the Clerk of the Court did not docket and file Petitioner's motion until March 2, 2007. (Doc. 5). In the instant petition, Petitioner raises eight grounds for relief: (1) unconstitutional warrantless search; (2) unconstitutional interrogation of Petitioner; (3) ineffective assistance of counsel in failing to lodge successful objections to expert testimony; (4) unconstitutional limitation of cross-examination of key witnesses at trial by trial court; (5) Petitioner's conviction for first degree murder without proof of premeditation is unconstitutional; (6) wrongful conviction for two homicide charges resulting from

1  one death; (7) judicial misconduct by the trial judge in interfering with defense counsel's advocacy
2  and preventing defense counsel from properly assisting Petitioner; and (8) wrongful admission of
3  prior criminal acts at trial.  (Doc. 2, p. 6-a).  Petitioner alleges under penalty of perjury that all of the
4  foregoing claims have been raised in the California Supreme Court.  (Doc. 2, p. 4).

5        In his original motion for stay filed on March 2, 2007, Petitioner requested a stay but failed to
6  specify the nature of the claims he wished to exhaust in state court, thus precluding this Court from
7  conducted the analysis mandated by the United States Supreme Court. (Doc. 5).  According, on
8  January 18, 2008, the Court denied the stay request without prejudice and permitted Petitioner to file
9  an amended petition within thirty days.  (Doc. 11).  On February 15, 2008, Petitioner filed the instant
10 amended motion for stay of proceedings, in which he details the claims he wishes to exhaust.  (Doc.
11 12).

12       The Court's preliminary review of the petition and a search of the California court system's
13 electronic database has indicated that Petitioner was convicted on June 3, 2004, in the Kern County
14 Superior Court, and that his direct review concluded on January 4, 2006, when the California
15 Supreme Court denied his Petition for Review.

**DISCUSSION**

17       Traditionally, a district court has had the discretion to stay a petition which it may validly
18 consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988
19 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).  However, the Ninth
20 Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully
21 exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where
22 there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal
23 litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its
24 discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the
25 petitioner to return to state court to exhaust his state remedies.  Taylor, 134 F. 3d at 981.

26       Notwithstanding the foregoing, until recently, federal case law continued to require that the
27 Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,
28 455 U.S. 509, 102 S. Ct. 1198 (1982).  However, on March 30, 2005, the United States Supreme

1 | Court decided <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528 (2005). Recognizing that "[a]s a
2 | result of the interplay between AEDPA's 1-year statute of limitations and <u>Lundy</u>'s dismissal
3 | requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever
4 | losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held
5 | that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit
6 | petitioners to exhaust unexhausted claims before proceeding with their federal petitions. <u>Rhines</u>,
7 | 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available
8 | only in limited circumstances." <u>Rhines</u>, 544 U.S. at 277. Specifically, the Court said it was
9 | appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's
10 | unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged
11 | in "abusive litigation tactics or intentional delay." <u>Rhines</u>, 544 U.S.at 277-278; <u>Robbins v. Carey</u>,
12 | 481 F.3d 1143, 1149 (9th Cir. 2007). When a petitioner has met these requirements, his interest in
13 | obtaining federal review of his claims outweighs the competing interests in finality and speedy
14 | resolution of federal petitions. <u>Rhines</u>, 544 U.S. at 278.

15 |       Here, Petitioner has alleged under penalty of perjury that all of the claims in the instant
16 | petition are exhausted; thus, the petition does not appear to be mixed. However, Petitioner now
17 | wishes to exhaust <u>additional</u> grounds in state court that have <u>never</u> been presented in any form in this
18 | Court and are factually and legally distinct from the claims already included in the instant petition. In
19 | the amended motion for stay, Petitioner outlines the claims he wishes to exhaust as follows:
20 | (1) ineffective assistance of trial counsel in failing to "investigate and debate the inaccurate
21 | testimony of expert witnesses"; (2) denial of the opportunity to present a proper defense; (3) jurors
22 | did not unanimously reject the defense theory of the case which negated an element of the charged
23 | offense; (4) judicial misconduct in the form of judicial bias; and (5) insufficient evidence to convict
24 | where the medical evidence disputed the prosecution's case. (Doc. 12, pp. 2-3).

25 |       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
26 | 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas
27 | corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S.Ct. 2059
28 | (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <u>overruled on other grounds</u>

E. D. California

3

by Lindh v, Murphy, 521 U.S. 320.  The instant petition was filed on January 9, 2007; thus, it is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As mentioned, the original petition was filed on January 9, 2007, in the Northern District and subsequently transferred to this Court.  The one-year limitation period under the AEDPA would have begun on April 6, 2006, when the ninety day period for seeking review in the United States Supreme Court had ended, Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998), and would have expired one year later, on April 6, 2007.  The limitations period is not tolled for the time a federal habeas corpus application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).  Thus, the filing of the instant petition would not have tolled the running of the one-year statute, which expired on April 6, 2007.

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in

the original pleading." The rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000). In Mayle, the United States Supreme Court held that relation back is in order if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650. The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656-657. Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'" Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001)( quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d ed. 2004)).

Therefore, when a petitioner seeks a stay of proceedings to exhaust unexhausted claims *already contained* in a timely federal petition, the relation back doctrine will not create a statute of limitation problem for the petitioner since the exhausted claim will, by definition, be identical to the claim already raised in the existing petition. However, where, as here, a petitioner seeks to exhaust *completely new claims* and then amend those new claims into an existing federal petition, unless the new claims relate back to the claims already contained in the existing federal petition, the relation back doctrine may well preclude those claims as being untimely if more than one year has elapsed between the commencement of the limitation period and the point at which the petitioner amends his federal petition to include the newly-exhausted claims.

Here, from a simple comparison of the claims in the original petition and the claims which Petitioner now seeks to exhaust, it is obvious that the claims Petitioner seeks to exhaust are new claims that do not arise from the same "operative facts" as those in the existing petition and differ from them in both time and type.[1] Thus, the new claims Petitioner seeks to exhaust would not

---

[1] The only claims that are arguably similar are Petitioner's claim in the petition of ineffective assistance of trial counsel for failing to lodge successful objections to expert witnesses' testimony and his claim in the motion to stay of ineffective assistance of trial counsel in failing to "investigate and debate" the inaccurate testimony of expert witnesses. Obviously, since Petitioner has not specified which expert witnesses are involved in each of these claims, the Court cannot determine whether they share those particular "operative facts." However, on a more practical level, it is clear that the claim

1  "relate back" to the original claims and, since the one-year limitation period has already expired, the
2  claims would be barred under the AEDPA.  Given this clear procedural bar to the prospective claims,
3  the Court finds that the claims would not have merit.  Moreover, Petitioner's failure to raise these
4  claims at a point in time that would have allowed him to exhaust them while still remaining within
5  the AEDPA's one-year limitation period, creates, at the very least, an inference of dilatory conduct.

6  Against this factual setting, Petitioner has provided insufficient grounds for the Court to
7  determine either that Petitioner is proceeding in good faith or that no prejudice would inure to the
8  parties by granting the requested stay.  Any effort by Petitioner at exhaustion, commenced at this late
9  point in time, would almost certainly delay these proceedings by a factor of several years, rather than
10 simply several months.  In light of the foregoing, the Court cannot conclude that Petitioner's interest
11 in obtaining federal review of the new claim outweighs the competing interests in finality and speedy
12 resolution of federal petitions.   Rhines, 544 U.S. at 277-278.  Because Petitioner has failed to satisfy
13 the criteria established by the United States Supreme Court in Rhines for granting a stay, Petitioner's
14 motion must be denied.

**ORDER**

16 Accordingly, IT IS HEREBY ORDERED that Petitioner's amended motion for abeyance of
17 proceedings (Doc. 12), is DENIED.

IT IS SO ORDERED.

Dated:  **July 23, 2008**                                               /s/ Theresa A. Goldner
                                                                         UNITED STATES MAGISTRATE JUDGE

---

raised in the petition goes to counsel's ineffectiveness in failing to interpose evidentiary objections to unspecified expert witness testimony.  In contrast, the prospective claim raised in the motion to stay focuses on counsel's failure to investigate and "debate," or argue to the court and jury, the perceived inaccuracies in unspecified expert witness testimony.  Since the raising of evidentiary objections to testimony is separate and distinct from the trial preparation and advocacy to challenge the veracity of expert witness testimony, the Court concludes that the two claims do not involve the same set of operative facts and are separate in time and type.