UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON A. RENTERIA, | ) | 1:07-cv-00161-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO SHOW CAUSE AND |
| | ) | PREJUDICE |
| v. | ) | (Doc. 14) |
| | ) | |
| | ) | ORDER REQUIRING RESPONDENT TO |
| B. CURRY, Warden, | ) | FILE A RESPONSE |
| | ) | |
| Respondent. | ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| | | ORDER DIRECTING CLERK OF COURT |
| | | TO SERVE DOCUMENTS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner originally filed his federal petition in the United States District Court for the Northern District of California, and that petition was transferred to this Court on January 29, 2007, and filed on February 1, 2007. (Docs. 1 & 2). Although Petitioner had apparently filed a motion for stay in the Northern District of California, the Clerk of the Court did not docket and file Petitioner's motion until March 2, 2007. (Doc. 5). In the instant petition, Petitioner raises eight grounds for relief: (1) unconstitutional warrantless search; (2) unconstitutional interrogation of Petitioner; (3) ineffective assistance of counsel; (4) unconstitutional limitation of cross-examination at trial by trial court; (5) Petitioner's conviction for first degree murder without proof of premeditation is unconstitutional; (6) wrongful conviction for two homicide charges resulting from one death; (7) judicial misconduct by the trial judge; and (8) wrongful admission of prior criminal acts at trial.

(Doc. 2, p. 6-a). Petitioner alleges under penalty of perjury that all of the foregoing claims have been raised in the California Supreme Court. (Doc. 2, p. 4).

On March 2, 2007, Petitioner originally requested a stay of proceedings to permit him to exhaust additional grounds as well as to exhaust "expanded" claims already raised in the instant petition. (Doc. 5). On January 18, 2008, the Court denied that request without prejudice to refiling an amended motion for stay that specified in detail the grounds that Petitioner wished to exhaust in state court, the original motion having failed to specify in detail those claims. (Doc. 11). On February 15, 2008, Petitioner filed his amended motion for stay, specifying with detail the claims he wished to exhaust in state court. (Doc. 12). On July 23, 2008, the Court denied that amended motion to stay on the grounds that the new claims did not relate back to the original claims and thus would be barred under the AEDPA's one-year statute of limitation. (Doc. 13).

On August 11, 2008, Petitioner filed another motion, this one captioned as a Motion To Show Cause and Prejudice. (Doc. 14). In that motion, Petitioner seeks to explain to the Court why the prior order denying his amended stay request was in error. Essentially, Petitioner contends that the claims he wishes to exhaust do indeed relate back to the original petition, contrary to the Court's conclusion, and that the Court itself is at fault for Petitioner's failure to exhaust his claims in the California Supreme Court by not ruling on his stay request more expeditiously. The Court rejects these arguments.

Petitioner has provided no new information regarding the claims he seeks to exhaust that would indicate that they do in fact relate back to the original claims. Thus, the Court has no reason to alter its previous analysis that the new claims do _not_ relate back to the original claims and thus would be untimely under the AEDPA. Petitioner obviously disagrees with the Court's legal conclusion. Notwithstanding that fact, the Court remains convinced that the proffered claims do not relate back and thus would be barred under the AEDPA's one-year limitation period.

As to the Court's delay in granting his original motion for stay, Petitioner misses the point entirely. Although the decision to deny the original stay request may have entailed some delay, the unfortunate result of the Court's large habeas caseload, that delay posed no obstacle for a diligent petitioner to continue his efforts to exhaust any claims in state court. This Court has no control over

whether or not Petitioner files a habeas proceeding in the California state courts and cannot permit or prohibit Petitioner from filing such applications for collateral relief in the California courts. The Court only has jurisdiction over this case and, necessarily therefore, whether to permit a stay of proceedings or not. Had Petitioner proceeded with his new claims in the California Supreme Court, they would likely be exhausted at this time. Although that would not alter the Court's statute of limitations analysis, it would certainly preclude any contention regarding timeliness, delay, or diligence.

Ultimately, the issue, however, is not one of diligence but of relation back. Since the new claims would not relate back, they would be barred. As such, the Court, applying the standards set forth by the United States Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528 (2005), and discussed at length in the previous orders, is required to deny any amendment because any amendment would be futile because the claims contained in the amendment would be time-barred. Since there is nothing Petitioner can do at this juncture to remedy that situation--i.e., the one year limitation period long ago expired and the new claims do not relate back to the original claims--there is nothing further Petitioner can argue on this point that will cause the Court to grant a stay to exhaust those claims. <u>Rhines</u> clearly bars a stay under these circumstances. Repeated filings of amended and renewed motions for stay simply divert the Court's resources from other cases, thereby further delaying these proceedings.

Furthermore, the Court has conducted its initial screening of this case and has determined that it is appropriate for Respondent to file a response to the petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Show Cause and Prejudice (Doc. 14), is DENIED; and,

2. Respondent SHALL FILE a RESPONSE. A Response can be made by filing one of the following:

    A.    AN ANSWER addressing the merits of the Petition and due within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)

(court has discretion to fix time for filing an Answer.).

- Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

- Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); Jones v. Delo, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

- Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[1]

    i. EXHAUSTION - 28 U.S.C. § 2254(b)(1). A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the Petitioner's state court filings and dispositive rulings

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

|   |   |   |   |
|---|---|---|---|
|   |   |   | so as to allow the Court to examine the limitations issue.  See, Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); |
|   |   | ii. | STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1).  A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. |
|   |   | iii. | SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b).  A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof. |

3. OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing.  All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing.  Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing.  If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

4. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5. RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders.  See, Local Rule 83-182(a), 5-135(c).

6. The Clerk of the Court is DIRECTED to SERVE a copy of this order along with a copy of the PETITION and any exhibits/attachments, on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **August 18, 2008**                                  **/s/ Theresa A. Goldner**
                                                                                  UNITED STATES MAGISTRATE JUDGE