UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON RENTERIA, | ) | 1:07-cv-00161-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S THIRD MOTION FOR STAY OF PROCEEDINGS |
| v. | ) | ON PETITION FOR WRIT OF HABEAS CORPUS |
| B. CURRY, Warden, | ) | (Doc. 18) |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner originally filed his federal petition in the United States District Court for the Northern District of California on January 9, 2007, and was transferred to this Court on January 29, 2007, and filed on February 1, 2007.  (Docs. 1 & 2).  Although Petitioner had apparently filed a motion for stay in the Northern District of California, the Clerk of the Court did not docket and file Petitioner's motion until March 2, 2007.  (Doc. 5).   In the instant petition, Petitioner raises eight grounds for relief: (1) unconstitutional warrantless search; (2) unconstitutional interrogation of Petitioner; (3) ineffective assistance of counsel in failing to lodge successful objections to expert testimony; (4) unconstitutional limitation of cross-examination of key witnesses at trial by trial court; (5) Petitioner's conviction for first degree murder without proof of premeditation is unconstitutional; (6) wrongful conviction for two homicide charges resulting from one death; (7) judicial misconduct by the trial judge in interfering with defense counsel's advocacy and preventing defense counsel

from properly assisting Petitioner; and (8) wrongful admission of prior criminal acts at trial.  (Doc. 2, p. 6-a).  Petitioner alleges under penalty of perjury that all of the foregoing claims have been raised in the California Supreme Court.  (Doc. 2, p. 4).

In his original motion for stay filed on March 2, 2007, Petitioner requested a stay but failed to specify the nature of the claims he wished to exhaust in state court, thus precluding this Court from conducted the analysis mandated by the United States Supreme Court.  (Doc. 5).  According, on January 18, 2008, the Court denied the stay request without prejudice and permitted Petitioner to file an amended petition within thirty days.  (Doc. 11).  On February 15, 2008, Petitioner filed a second motion for stay of proceedings, in which he detailed the claims he wishes to exhaust.  (Doc. 12).  On August 19, 2008, the Court denied the second motion for stay because the claims Petitioner outlined in the second motion for stay did not relate back to the original claims and thus would be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d).  (Doc. 15).

In that order, the Court took great pains to explain to Petitioner that the denial of the second motion for stay was <u>not</u> based on Petitioner's lack of diligence but on the <u>nature</u> of the claims he sought to exhaust, i.e., because the claims were *factually and legally distinct* from the claims in the original petition, they would be barred by the one-year statute of limitations even if he was successful in fully exhausting those claims in state court.  The Court further explained that it had no authority to bypass or ignore the one-year statute of limitations and therefore, even if the stay were granted, Petitioner exhausted the new claims, and then amended the original petition to add those claims, the new claims would have to be dismissed because they were untimely.  There is simply no other conclusion the Court can draw at this juncture.

Notwithstanding the Court's efforts to explain the situation to Petitioner, he has filed the instant third motion for stay, again insisting that he was not at fault for the delays, that he had promptly requested a stay, and that he should be permitted to exhaust his new claims and add them to the original petition.  (Doc. 18).  Petitioner adds nothing new in the way of legal arguments or factual details that would alter the Court's previous analysis.  While unfortunate, it is simply the reality in this instance that too much time has expired for Petitioner to bring claims that are factually and legally distinct from the original claims without violating the one-year limitation period.

1 Therefore, there is simply no legal basis on which to grant a stay of proceedings to exhaust such claims. Mayle v. Felix, 545 U.S. 644, 650, 656-657, 125 S. Ct. 2562 (2005); Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528 (2005).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's third motion for abeyance of proceedings (Doc. 18), is DENIED.

IT IS SO ORDERED.

Dated:   **February 20, 2009**                                   **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California

3