UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DON RENTERIA, | ) | 1:07-cv-00161-AWI-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| | ) | (Doc. 29) |
| v. | ) | |
| | ) | |
| B. CURRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner originally filed his federal petition in the United States District Court for the Northern District of California on January 9, 2007, and was transferred to this Court on January 29, 2007, and filed on February 1, 2007. (Docs. 1 & 2). Although Petitioner had apparently filed a motion for stay in the Northern District of California, the Clerk of the Court did not docket and file Petitioner's motion until March 2, 2007. (Doc. 5). In the instant petition, Petitioner raises eight grounds for relief: (1) unconstitutional warrantless search; (2) unconstitutional interrogation of Petitioner; (3) ineffective assistance of counsel in failing to lodge successful objections to expert testimony; (4) unconstitutional limitation of cross-examination of key witnesses at trial by trial court; (5) Petitioner's conviction for first degree murder without proof of premeditation is unconstitutional; (6) wrongful conviction for two homicide charges resulting from one death; (7) judicial misconduct


by the trial judge in interfering with defense counsel's advocacy and preventing defense counsel from properly assisting Petitioner; and (8) wrongful admission of prior criminal acts at trial. (Doc. 2, p. 6-a). Petitioner alleges under penalty of perjury that all of the foregoing claims have been raised in the California Supreme Court. (Doc. 2, p. 4).

In his original motion for stay filed on March 2, 2007, Petitioner requested a stay but failed to specify the nature of the claims he wished to exhaust in state court, thus precluding this Court from conducted the analysis mandated by the United States Supreme Court. (Doc. 5). According, on January 18, 2008, the Court denied the stay request without prejudice and permitted Petitioner to file an amended petition within thirty days. (Doc. 11). On February 15, 2008, Petitioner filed a second motion for stay of proceedings, in which he detailed the claims he wished to exhaust. (Doc. 12). On August 19, 2008, the Court denied the second motion for stay because the claims Petitioner outlined in the second motion for stay did not relate back to the original claims and thus would be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d). (Doc. 15).

In that order, the Court took great pains to explain to Petitioner that the denial of the second motion for stay was <u>not</u> based on Petitioner's lack of diligence but on the <u>nature</u> of the claims he sought to exhaust, i.e., because the claims were *factually and legally distinct* from the claims in the original petition, they would be barred by the one-year statute of limitations even if he was successful in fully exhausting those claims in state court. The Court further explained that it had *no authority* to bypass or ignore the one-year statute of limitations and therefore, <u>even if the stay were granted, Petitioner exhausted the new claims, and then amended the original petition to add those claims, the new claims would have to be dismissed because they were untimely</u>. There is simply no other conclusion the Court could draw from the record.

Notwithstanding the Court's efforts to explain the situation to Petitioner, he filed a third motion for stay on August 29, 2008, again insisting that he was not at fault for the delays, that he had promptly requested a stay, and that he should be permitted to exhaust his new claims and add them to the original petition. (Doc. 18). After carefully considering the third stay request, the Court concluded that Petitioner's motion added nothing new in the way of legal arguments or factual details that would alter the Court's previous analysis. Accordingly, on February 23, 2009, the Court

again denied Petitioner's request for a stay of proceedings. (Doc. 28). Almost immediately, Petitioner filed the instant motion for reconsideration, which comprises some 194 pages and including a bewildering array of documents. (Doc. 29). However, the gist of Petitioner's complaint remains the same, i.e., that he was diligent in pursuing his claims and fairness requires a chance to be heard on his claims.

Contrary to Petitioner's contentions, however, the only issue of concern to this Court is the proper application of the test set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005). In so doing, the Court finds that nothing Petitioner has presented in his motion for reconsideration alters the Court's previous conclusion that a stay is inappropriate because the "new" claims cannot possibly satisfy the one-year statute of limitations since they do not "relate back" to the claims in the original petition. Therefore, there is simply no legal basis on which to grant a stay of proceedings to exhaust such claims, since exhaustion is fruitless given the preclusive effect of the statute of limitations. Rhines, 544 U.S. at 277; Mayle v. Felix, 545 U.S. 644, 650, 656-657 (2005). That being the case, there is no basis for the Court to reconsider its earlier ruling.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 29), is DENIED.

.      IT IS SO ORDERED.

    Dated:   **August 17, 2009**              /s/ **Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE